IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:14-CR-41-3FL

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>FELICIA SMITH, )<br>    Defendant. ) | **ORDER & MEMORANDUM<br>AND RECOMMENDATION** |

This matter is before the court on the following motions filed by Defendant Felicia Smith:

    1.    Motion for Early Disclosure of *Brady/Giglio* Material, filed August 21, 2014 [DE #233];

    2.    Motion for Bill of Particulars, filed August 21, 2014 [DE #232];

    3.    Request for Notice of Intent to Use Rule 404(b) Evidence, filed August 21, 2014 [DE #231]; and

    4.    Motion to Dismiss, filed August 22, 2014 [DE #238].

The government has responded to Defendant's motions, and the time for further filings has expired. The motions were referred to the undersigned for decision or recommendation, as appropriate, by United States District Judge Louise W. Flanagan.

## BACKGROUND

Defendant Felicia Smith is one of twelve defendants in this case. On May 27, 2014, a federal grand jury returned a true bill of indictment charging Smith with conspiracy to distribute and possess with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 846 and conspiracy to import a quantity of cocaine into the United States, in violation of 21 U.S.C.

§§ 952(a), 960 and 963.  Smith is set to be arraigned on September 17, 2014.  Before the court are a number of pretrial motions filed by Smith.

## DISCUSSION

**I.     *Brady/Giglio* Motion**

Defendant moves the court for an order requiring the immediate production of exculpatory and impeachment evidence.  Under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), the government need only disclose exculpatory and impeachment evidence "in time for its effective use at trial."  *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985).  The government asserts that it has provided to Defendant all discoverable material available at this time, with the exception of plea agreements and criminal histories of potential witnesses.  The government further states that it is aware of its obligations under *Brady* and *Giglio* and that it intends to provide copies of any plea agreements and criminal records of witnesses to Defendant no later than the Thursday prior to trial.  The court credits the government's assertion that it will comply with *Brady* and *Giglio* and, accordingly, DENIES Defendant's *Brady/Giglio* motion.

**II.    Request for Notice of Intent to Use Rule 404(b) Evidence**

Defendant next asks the court to order the government to provide notice of Rule 404(b) evidence.  Under Rule 404(b), the government is obligated to notify a defendant if it intends to use evidence of the defendant's prior bad acts under Rule 404(b).  *See* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts . . . [may be admissible] provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.").  In its response to Defendant's

2

Case 7:14-cr-00041-FL   Document 266   Filed 09/15/14   Page 2 of 6

motion, the government states that it is aware of its obligation to provide reasonable notice and will abide by the requirements of Rule 404(b). There being no indication that the government has failed to meet its obligations under the rule, the court DENIES Defendant's motion.

### III. Motion for Bill of Particulars

The indictment in this case charges Defendant with participating in a conspiracy over a period of approximately ten years ("Beginning in or about January 2004 . . . and continuing up to and including [May 27, 2014]") [DE #1 at 1, 5]. Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, Defendant moves for a bill of particulars as to the "specific dates and acts (overt or otherwise) that the government alleges Felicia Anderson [sic] committed during the furtherance of the alleged conspiracy charged." (Mot. Bill Particulars [DE #232] at 1.) Defendant maintains that a potential defense to the charges is that "Defendant withdrew from the conspiracy prior to the statute of limitations period." Defendant contends that in order to prepare for trial, she needs to know whether the government is alleging ongoing conduct or conduct following Defendant's withdrawal from the conspiracies.

The Constitution requires that an indictment contain "the elements of the offense charged." *Hamling v. United States*, 418 U.S. 87, 117. When an indictment fails to provide necessary information regarding an offense charged, a defendant is entitled to more detailed information. The purpose of a bill of particulars is "to enable a defendant to obtain ample information on the nature of the charges against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934-34 (4th Cir. 1973). A bill of particulars is not necessary, though, if the information has been provided either by the indictment or through discovery. *Id.* Additionally, a bill of particulars

3

may not be used as a means of discovering the government's evidence or legal theories. *See United States v. Stroop*, 121 F.R.D. 269, 272 (E.D.N.C. 1988).

In this case, the Indictment sets forth the object of each of the alleged conspiracies, its general location, and the general time frame during which it occurred. *See United States v. Kimberlin*, 18 F.3d 1156, 1159 (4th Cir. 1994) (noting that the government is not required to prove or provide the exact date and time of an alleged offense). It also specifies the quantity of drugs attributable to each of the alleged co-conspirators, Defendant Smith being charged with a quantity of cocaine in both conspiracy counts. While overt acts are not listed in the indictment, proof of an overt act in furtherance of the conspiracy is not required to sustain a conspiracy conviction under 21 U.S.C. §§ 846 or 963. *United States v. Shabani*, 513 U.S. 10, 14 (1994) (holding that proof of an overt act unnecessary for § 846 conspiracy); *see also United States v. Rogers*, No. 12-2594, 2014 WL 4400784, at *8 (6th Cir. Sept. 8, 2014) (determining that an overt act is an element of a conspiracy charge only where required by statute, such as the general conspiracy statute, 18 U.S.C. § 371).

Moreover, the government has provided Defendant with extensive discovery totaling approximately 3,470 pages of material, including historical statements concerning Defendant and her alleged co-conspirators, airline and credit card company data, lab analyses of seized narcotics, and seized computer records. With the exception of plea agreements and criminal histories of potential government witnesses, the government asserts that it has provided all of its discoverable material to Defendant. It appears to the court that the discovery provided adequately informs Defendant of the identity of potential witnesses, the dates of activity reported, as well as the locations where the activities occurred. Accordingly, the court concludes that Defendant has been provided with sufficient information to inform her of the nature of the

4

charges against her and to allow her to prepare for trial and avoid surprise. *See United States v. Tello-Nicio*, No. 5:05-CR-218 (E.D.N.C. Feb. 14, 2006) (bill of particulars unnecessary where the indictment generally spelled out the crimes for which the defendant was charged and broad discovery had been provided). Defendant's motion for a bill of particulars is DENIED.

**IV.    Motion to Dismiss**

Defendant further moves to dismiss the charges against her on two grounds. First, Defendant contends that the charges are barred by the statute of limitations because there is no evidence that Defendant took any part in the conspiracy since 2004. Second, Defendant argues that dismissal is warranted because the Indictment lacks sufficient specificity to allow Defendant to prepare a defense.

Withdrawal from a conspiracy "must be shown by evidence that the defendant acted to defeat or disavow the purposes of the conspiracy." *United States v. Duncan*, No. 13-4752, 2014 WL 3031046, at *6 (4th Cir. July 7, 2014). "An affirmative act sufficient to withdraw from a conspiracy generally requires the defendant to disavow her participation either through 'the making of a clean breast to the authorities, or communication of the abandonment in a manner reasonably calculated to reach coconspirators.'" *Id.* at *6 (quoting *United States v. Leslie*, 658 F.3d 140, 143 (2d Cir. 2011)). It is not sufficient to prove that the defendant ceased conspiratorial activity. *Id.*

Even assuming the evidence shows no active participation in the conspiracy by Defendant since 2004, that does not rise to the level of establishing, as a matter of law, that Defendant withdrew from the conspiracy. Moreover, as set forth above, Defendant has been provided with sufficient information to inform her of the nature of the charges against her and to

5

allow her to prepare for trial and avoid surprise. Consequently, Defendant's motion to dismiss should be denied.

## CONCLUSION

For the foregoing reasons, the court enters the following orders:

    1.    Defendant's Motion for Early Disclosure of *Brady/Giglio* Material [DE #233] is DENIED;

    2.    Defendant's Request for Notice of Intent to Use Rule 404(b) Evidence [DE #231] is DENIED; and

    3.    Defendant's Motion for Bill of Particulars [DE #232] is DENIED;

It is further RECOMMENDED that Defendant's Motion to Dismiss [DE #238] be DENIED. The Clerk shall send copies of this Order and Memorandum and Recommendation to counsel for the respective parties, who shall have fourteen (14) days from the date of service to file written objections to the recommendation set forth herein. Failure to file timely written objections shall bar an aggrieved party from receiving de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 15th day of September 2014.

*(signature)*
KIMBERLY A. SWANK
United States Magistrate Judge